IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARKCUS AARON, #240582**                                                                  **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.: 3:23-CV-3084-HTW-LGI**

**HINDS COUNTY, MISSISSIPPI**                                              **DEFENDANT**

### HINDS COUNTY, MISSISSIPPI'S
### MOTION FOR SUMMARY JUDGMENT

Defendant, Hinds County, Mississippi (hereafter "Defendant"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits its Motion for Summary Judgment. In support of this Motion, and as required by Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, Defendant is simultaneously filing a memorandum brief setting forth arguments and authorities related to the following grounds for this Court to grant Defendant's Motion and dismiss Plaintiff's claims against it.

1. This matter arises out of Plaintiff's confinement while in the custody of the Hinds County Sheriff's Department. *See Compl. and Response, CM/ECF Doc. Nos*. 1 and 15.

2. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 alleging he was subjected to unconstitutionally inadequate medical care. *Id.*

3. Plaintiff has failed to state a claim for unconstitutionally inadequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

4. Plaintiff has failed to properly plead municipal liability because he has not identified a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *See Monell v. Dep't of Soc. Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

5. Plaintiff's claim is barred by the Prison Litigation Reform Act (PLRA) because Plaintiff has admitted he has suffered no injury related to any of the conditions of which he complains. *See* 42 U.S.C. § 1997e.

6. In further support of the grounds above, Defendant relies upon the following exhibits which is specifically refers to in its supporting memorandum:

   a. Exhibit A – Omnibus Hearing Transcript; and

   b. Exhibit B – Full Patient History, Bates labeled CLT-(M. AARON)-000137-000926.

Wherefore, premises considered, for all the reasons cited herein, Defendant respectfully requests that this Honorable Court grant its Motion for Summary Judgment as Plaintiff cannot sustain his burden to defeat Defendant's dispositive effort.

**DATE:** **September 25, 2025.**

          Respectfully submitted,

          **HINDS COUNTY, MISSISSIPPI**

          BY:   */s/Kevin J. White*
                    One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
KEVIN J. WHITE (MSB #101619)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Pkwy, Suite 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
Email: will.allen@butlersnow.com
Email: kevin.j.white@butlersnow.com
Email: will.boyd@butlersnow.com

## CERTIFICATE OF SERVICE

I, the undersigned of Butler Snow, LLP, one of the attorneys for Defendant, Hinds County, hereby certify that on this day, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of the Court using the ECF system, and that I mailed, via United States Postal Service, a true and correct copy of the same to the following non-ECF participant:

> Markcus J. Aaron #240582
> Central Mississippi Correctional Facility
> P.O. Box 88530
> Pearl, MS 39288
> *Pro Se Plaintiff*

This 25th day of September 2025.

*/s/Kevin J. White*
OF COUNSEL

97600330.v1